# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MAYO, | ) |
| Plaintiff, | ) Civil Action No. 16-1723 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| RICHARD KELLER, KEVIN BLANCHARD, DAVID EAGLE, MICHAEL BILONICK, TRAVIS CONKLIN, JOHN MCANANY, and ROGER HARVILLA, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's Motion to Alter or Amend a Judgment (ECF No. 93.) For the following reasons, the Motion will be denied.

### I. Procedural Background

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment filed pursuant to Federal Rule of Civil Procedure 59(e). On September 19, 2018, the Court granted summary judgment in favor of the Defendants. William Mayo ("Plaintiff") is a *pro se* inmate currently incarcerated at the State Correctional Institution Smithfield. Defendants include Correctional Officers ("CO") Richard Keller, Kevin Blanchard, David Eagle, Michael Bilonick and Travis Conklin; Lieutenant Roger Harvilla; and Registered Nurse Supervisor ("RNS") John McAnany. Plaintiff filed his complaint in this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2016. (ECF No. 3.) Plaintiff filed an Amended Complaint on August 16, 2017 (ECF No. 33) and Defendants filed for summary judgment on March 27, 2018 (ECF Nos.

1

76-78.) Via memorandum opinion and order, the Court granted the Motion for Summary Judgment on September 19, 2018. (ECF No. 92.)

Defendant's motion for summary judgment was granted based on the existence of a videotaped recording depicting the incident. Based on the video footage, the Court determined that no rational trier of fact could find for the Plaintiff. Plaintiff's additional claims for failure to discipline, violations of the 8th Amendment, and state tort claims also did not survive summary judgment.

Plaintiff subsequently filed this Motion to Alter or Amend Judgment (ECF No. 93.) Defendants filed a response on October 22, 2018. (ECF No. 95.) Plaintiff's Motion is now ripe for review.

**II.** **Factual Background**

Plaintiff's Amended Complaint alleged a Fourteenth Amendment due process violation; Eighth Amendment claims for excessive force, denial of medical care, failure to take disciplinary action; and state law claims of negligence and assault and battery. (ECF No. 33.) The claims arose out of an incident that occurred on November 19, 2016 while Plaintiff was being processed into the Restricted Housing Unit (RHU) at the State Correctional Institution Greene. (*See*, *generally*, ECF No. 33.) Plaintiff's transfer occurred following an attack on an officer that occurred around 8:08 a.m. In support of their Motion for Summary Judgment, Defendants submitted four exhibits containing excerpts of video footage taken before, during, and after Plaintiff's processing into the RHU on November 19, 2015. (ECF No. 77-2, Exh. 1-4.) The record, including this video footage, revealed the facts upon which this Court found Summary Judgment to be appropriate. This Court found that the video footage revealed Plaintiff's initial assault on CO Rodney Walters, the transport of Plaintiff to the medical unit following the assault, the medical assessment of Plaintiff, and the

2

moments preceding and during the incident that gave rise to the complaint. (ECF No. 91, pp. 2-7.) The video evidence also included an on-camera briefing of the incident conducted by Lieutenant Harvilla minutes after the incident. (ECF No. 77-2, Exh. 3 8:49:30.) The camera footage resumes about an hour after the on-camera briefing, with Lieutenant Harvilla and two other officers, who were not involved in Plaintiff's RHU intake processing, going to Plaintiff's cell door to assess his injuries. (ECF No. 77-2, Exh. 3 9:24:02.) The video also reveals medical personnel examining Plaintiff in his cell. (ECF No. 77-2, Ex. 3 9:27:12.)

This Court, after considering the video evidence, found that it contradicted the Plaintiff's version of events and that "what is clear is that the circumstances depicted in the videos do not show a sadistic or malicious use of force. Instead, the video evidence shows that the officers involved used an appropriate amount of force for a matter of seconds before it was discontinued as soon as control was maintained." (ECF No. 91, p. 10.) Rather, this Court determined that the type of force used by Defendants "is not the sort of force that is repugnant to the conscience of mankind" and that the video contradicts Plaintiff's claims regarding the injuries he suffered. (ECF No. 91, pp. 10-11.) Furthermore, the Court determined that no reasonable trier of fact could conclude that Lieutenant Harvilla had a duty to discipline Defendants Keller, Blanchard, Eagle, Bailonic, and Conklin where there was no underlying excessive force violation. (ECF No. 91, pp. 11-12.) This Court also determined that no reasonable fact finder could find that medical personnel acted with deliberate indifference to any injuries Plaintiff may have suffered following the incident, as PNS McAnany was present at each stage of Plaintiff's processing into the RHU, examined Plaintiff closely, and made necessary documentations. (ECF No. 91, pp. 11-13.)

### III. Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within twenty-eight (28) days of its entry. A judgment may be altered or amended if the moving party demonstrates either (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court entered judgment, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). Furthermore, "A motion for reconsideration is not to be used as a means to argue matters already argued and disposed of … [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. Waye v. First Citizen's Nat. Bank., 846 F.Supp. 310, 314 (M.D. Pa. 1994).

### IV. Discussion

Plaintiff argues primarily that the Court decided numerous issues of fact incorrectly and therefore that he is entitled to an amended judgment. (*See* ECF No. 93, *generally.*) Plaintiff argues that the Court erred in neglecting to consider his claim that excessive violence against inmates being processed into the RHU "was a customary practice that a lot of prisoners' [sic] endured." (ECF No. 93, p. 2.) Plaintiff presents numerous other alleged factual errors in the Court's analysis of the video evidence (ECF No. 93, pp. 5-8.) These errors, according to Petition, indicate that issues of material fact render the granting of Summary Judgment incorrect. (ECF No. 93, p. 10..

Upon reviewing Plaintiff's arguments, the Court finds that Plaintiff has not satisfied the standards set forth in Rule 59 that warrant an amended judgment. *See* 176 F.3d at 677. A "party

attempting to set aside a judgment or moving for reconsideration" under Rule 59 based on a manifest error of fact may not "relitigate issues already resolved by the court…nor may use Rule 59 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" Glover v. Udren, No. CIV. 08-990, 2014 WL 7010299, at *1 (W.D. Pa. Dec. 10, 2014) (internal citations omitted). The factual inaccuracies cited by Plaintiff involve interpretations of evidence captured on film. He does not highlight any new evidence that was not presented to the Court prior to the granting of Summary Judgment. As such, Plaintiff essentially urges the Court to reconsider its interpretation of the entirety of the evidence. Such a request is not the purpose of a Motion to Amend. *See* Envtl. Tectonics Corp. v. Walt Disney World Co., No. CIV.A. 05-6412, 2008 WL 2405751, at *2 (E.D. Pa. June 13, 2008) ("While claiming to cite "factual errors" in the opinion, in reality plaintiff seeks another roll of the dice, which is emphatically not the purpose of a motion for reconsideration.") (citing to Watson v. City of Phila., No. 06-0883, 2006 U.S. Dist. LEXIS 70869, at *5,2006 WL 2818452 (E.D.Pa. Sept. 28, 2006) ("A motion for reconsideration is not intended to provide a losing party with a second bite at the apple.").

Plaintiff's other claims do not satisfy Rule 59 as they have also been previously presented and rejected by the Court. Plaintiff alleges the Court misinterpreted whether his Due Process rights had been violated when he did not receive a hearing on its initially scheduled date and when he was not properly served. (ECF No. 93, p. 14.) Plaintiff, however, raised this argument in his initial complaint and lost. (ECF No. 91, p. 15-16.) He also attempts to re-argue that Sovereign Immunity does not apply to the Defendants and therefore they are liable for assault and battery. (ECF No. 93, p. 17.) Similarly, Plaintiff raised this argument and this Court rejected it in granting Summary Judgment for the Defendant. (ECF No. 91, p.13.) Therefore, a Motion to Amend or Alter Judgment

5

on these grounds is inappropriate as the issue and argument has already been properly considered by the Court.  *See* 846 F.Supp. at 314.

V. **CONCLUSION**

For the foregoing reasons, the Motion to Alter or Amend Judgment (ECF No. 93) filed by Plaintiff will be denied.

Dated: December 6, 2018.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: William Mayo
FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

Counsel for Defendants
*Via CM/ECF Electronic Mail*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MAYO, ) | |
| ) | Civil Action No. 16-1723 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| RICHARD KELLER, KEVIN ) | |
| BLANCHARD, DAVID EAGLE, ) | |
| MICHAEL BILONICK, TRAVIS ) | |
| CONKLIN, JOHN MCANANY, and ) | |
| ROGER HARVILLA, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**AND NOW**, this 6th day of December, 2018;

**IT IS HEREBY ORDERED** that the Motion for Altered or Amended Judgment (ECF No. 93) is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: William Mayo
FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

Counsel for Defendants
*Via CM/ECF Electronic Mail*